JACK L. SCHUMAN AND WIFE, JEAN O. SCHUMAN; LEONARD LAUFE AND WIFE, SYMOINE LAUFE; HARVEY MANN AND WIFE, RHODA MANN v. ROGER BAKER AND ASSOCIATES, INC., A NORTH CAROLINA CORPORATION (FORMERLY KNOWN AND ENTITLED AS ROGER BAKER, INC.); ROGER J. BAKER; CHARLES G. BEEMER, TRUSTEE; ROBERT EPTING, TRUSTEE; THE NORTHWESTERN BANK, A NORTH CAROLINA BANKING CORPORATION; AND FRANKLIN PARK LIMITED PARTNERSHIP

No. 8315SC772

(Filed 4 September 1984)

**Estoppel § 1; Registration § 4— deeds of trust—priority from registration—no estoppel by deed**

Where plaintiffs' debtor did not acquire and register its title until one month after the execution of its deed of trust to plaintiffs, a deed of trust to a bank registered after the debtor acquired title had priority over plaintiffs' deed of trust under G.S. 47-20, and actual notice by the bank of plaintiffs' prior deed of trust did not operate to defeat the bank's statutory priority under the doctrine of estoppel by deed.

APPEAL by plaintiffs from *Barnette, Judge*. Judgment entered 24 March 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 2 May 1984.

Roger Baker, a developer, undertook to arrange financing for an office condominium in Chapel Hill. He attempted without success to obtain bank financing for both land acquisition and construction, but could only obtain non-binding commitments for construction loans, contingent in Northwestern Bank's (hereinafter "Northwestern") case upon his securing investors to finance purchase of the land. Baker then sought private investors, and obtained loans totalling $200,000 from plaintiffs. Plaintiffs received

promissory notes from Roger Baker, Inc., the corporation actually running the project, and Roger Baker, Inc. executed a deed of trust in their favor on the subject property. At the time of execution, Roger Baker, Inc. did not hold title to the subject property. The deed of trust was duly recorded on 19 September 1980; it contained an agreement by plaintiffs to subordinate their deed of trust to a planned subsequent construction loan, and empowered the trustee to execute the requisite documents. The subject property was conveyed to Baker personally, *not* to Roger Baker, Inc., by deed recorded the same day. The subject property was transferred from Baker personally to Roger Baker, Inc. in October 1981. Plaintiffs never re-recorded their deed.

On 26 January 1981, Roger Baker & Associates, Inc. (a successor corporation to Roger Baker, Inc.) executed a promissory note in favor of Northwestern for $1,000,000. The note was secured by a deed of trust on the subject property which was recorded 29 January 1981. The trustee on plaintiff's deed of trust executed an agreement subordinating that deed to Northwestern's deed on 5 February 1981. Thereafter, Roger Baker & Associates, Inc. failed to make payments to plaintiffs as promised. Plaintiffs instituted the present action in February 1982, seeking among other relief to have the subordination agreement set aside and to enforce their notes against the subject real property. Roger Baker & Associates, Inc. obtained removal to the United States Bankruptcy Court; that Court later remanded parts of the action to the Superior Court for determination. Northwestern thereupon properly moved for and obtained summary judgment on all claims against it. Plaintiffs appeal.

*Newsom, Graham, Hedrick, Bryson, Kennon & Faison, by Joel M. Craig, for plaintiff appellants.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by David F. Meschan and Henry B. Mangum, Jr., for defendant appellee.*

JOHNSON, Judge.

The trial judge certified that there was no just reason for delay in entering judgment for Northwestern. Therefore, this appeal is properly before this Court. G.S. 1A-1, Rule 54(b).

Although the facts outlined above appear complicated, the resolution of the controversy on this appeal depends quite simply

on the application of our recording statute for deeds of trust, G.S. 47-20. This statute is virtually identical to the statute governing outright conveyances, G.S. 47-18, and the two are construed alike. *Francis v. Herren*, 101 N.C. 497, 8 S.E. 353 (1888). These statutes provide in essence that the party winning "the race to the court house" will have priority in title disputes. *See* J. Webster, Real Estate Law in North Carolina § 331 (1971).

It is evident in the present case that Northwestern "won the race" to the court house and has priority under the statute. Roger Baker, Inc., plaintiffs' grantor, did not acquire and register its title until one month after the execution of the deed of trust to plaintiffs. Plaintiffs do not argue that recordation of the earlier grant to Baker individually constituted substantial compliance with the statute, nor does such an argument appear to have support in the case law. *See McKnight v. M. & J. Finance Corp.*, 247 F. 2d 112 (4th Cir. 1957) (chattel mortgage in the name of corporate president insufficient against corporation). Therefore, the plaintiffs' deed of trust lay outside of Roger Baker, Inc.'s chain of title. Northwestern, in examining title for purposes of its agreement with the successor Roger Baker & Associates, Inc., was not required to search outside its line of title. *See Morehead v. Harris*, 262 N.C. 330, 137 S.E. 2d 174 (1964) (focusing solely on links in title chain); *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892 (1954) (covenant not in direct line of title ineffective); *Maddox v. Arp*, 114 N.C. 585, 19 S.E. 665 (1894) (purchaser need only follow "up the stream of title"). Therefore, Northwestern had no notice of plaintiffs' deed under the law and should prevail.

Our inquiry would ordinarily end there. However, plaintiffs assert that since Northwestern had actual notice of the prior deed of trust, the doctrine of estoppel by deed operates to estop it from denying plaintiffs' earlier deed. In *Door Co. v. Joyner*, 182 N.C. 518, 109 S.E. 259 (1921), our Supreme Court, while recognizing the doctrine of estoppel by deed, held that a subsequent purchaser with neither actual nor constructive notice had superior title by virtue of his prior registration. The Court, plaintiffs argue, left unanswered the question of whether actual notice to the subsequent purchaser would defeat the statutory priority. They accordingly urge the application of estoppel by deed as grounds for reversal.

We note first that the leading commentator interprets *Door Co. v. Joyner* otherwise. *See* Webster, *supra*, § 341 at 427. We agree, believing that Webster's interpretation, that even actual notice of a prior deed will not defeat prior registry, better expresses the policies embodied in the law. Therefore, plaintiffs' argument must fail.

Our Supreme Court has repeatedly held that no notice, however full or formal, will supply the want of registration of a deed. *Bourne v. Lay & Co.*, 264 N.C. 33, 140 S.E. 2d 769 (1965); *Dulin v. Williams*, 239 N.C. 33, 79 S.E. 2d 213 (1953). These cases, read (1) with those cases limiting the duty to search to the chain of title, *see Morehead v. Harris*, *supra*, (2) with those cases making registration of deeds defective as to material particulars ineffective, *see McClure v. Crow*, 196 N.C. 657, 146 S.E. 713 (1929), and (3) with the statutory recording and indexing requirements, *see* G.S. 47-20.1 (same county); G.S. 161-14.2 *et seq.*, clearly indicate that registration outside the chain of title has the same effect on notice as no registration. Plaintiffs, although they apparently alleged fraudulent conduct by Northwestern in their complaint, forecast no such evidence nor do they argue any fraud on Northwestern's part before this Court. Therefore, any actual notice to Northwestern is insufficient to supply the want of proper registration.

We are aware that our Supreme Court has recently stated that "Our registration statute does not protect all purchasers, but only innocent purchasers for value." *Hill v. Memorial Park*, 304 N.C. 159, 165, 282 S.E. 2d 779, 783 (1981). However, this statement in *Hill* referred to situations in which a separate official notice of litigation had been served on the purchasers or notice of *lis pendens* had been filed. The cases cited in *Hill* to support the quoted statement both involved *lis pendens* notice. *See Lawing v. Jaynes*, 285 N.C. 418, 206 S.E. 2d 162 (1974); *Whitehurst v. Abbott*, 225 N.C. 1, 33 S.E. 2d 129 (1945). The means of constructive or actual notice discussed in *Hill* are statutorily mandated, formal means of notice of litigation; we do not read them to extend to other less formal means of notice. Therefore, we hold that Northwestern is not estopped to deny plaintiffs' title.

The policy behind the recording statutes supports our conclusion. The General Assembly, by enacting these laws, clearly in-

tended that prospective purchasers should be able to safely rely on the public records. *See Hayes v. Ricard*, 245 N.C. 687, 97 S.E. 2d 105 (1957); *Clark v. Butts*, 240 N.C. 709, 83 S.E. 2d 885 (1954). To adopt plaintiffs' position would require prospective purchasers to search outside the chain of title in every case, and thus inject a new element of uncertainty into the process, contrary to this longstanding policy. We note also the recent adoption of G.S. 47-20.5, which requires that after-acquired property clauses in security agreements be extended or re-recorded after each subsequent purchase of real property. This indicates a legislative insistence that due recordation *in the chain of title* must remain the only effective means of protecting title.

Accordingly, we conclude that Northwestern has shown a complete defense as a matter of law. The summary judgment in its favor was properly granted and must be

Affirmed.

Judges WELLS and BECTON concur.