MARY S. SCHILLER v. DAVID H. SCOTT AND DOROTHY BELL SCOTT, AND DAVID E. HUFFINE, SUBSTITUTE TRUSTEE

No. 855SC1347

(Filed 15 July 1986)

1. **Registration § 5— deed of trust—wife's joinder to release marital interest— subsequent deed of trust to wife—prior recordation—"between parties" exception to recordation statute inapplicable**

   A wife who joined her husband in the execution of a deed of trust to plaintiff merely to release her marital interest was not a "party" to the deed of trust within the purview of the "between parties" exception to the recording statute for deeds of trust, N.C.G.S. § 47-20. Therefore, a subsequent deed of trust on the same property executed by the husband to the wife which was supported by consideration and which was recorded before recordation of the deed of trust to plaintiff had priority over the deed of trust executed by the husband and wife to plaintiff.

2. **Registration § 5— deed of trust—wife as witness—subsequent deed of trust to wife—protection of recordation statute**

   There is no "witness" exception to the deed of trust recordation statute, N.C.G.S. § 47-20. Therefore, a wife to whom a husband executed a deed of trust did not lose her protected lien creditor status under N.C.G.S. § 47-20 because she was a witness to a prior deed of trust on the same property from the husband to plaintiff which was recorded after recordation of the deed of trust to the wife.

APPEAL by plaintiff from *Winberry, Judge*. Judgment entered 6 August 1985 *nunc pro tunc* 5 August 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 May 1986.

On 5 September 1984 defendant David Scott executed a note and deed of trust in the principal amount of $25,000 in favor of plaintiff. The property conveyed by this deed of trust (Schiller deed of trust) was owned solely by defendant David Scott. Defendant Dorothy Scott, wife of defendant David Scott, joined in the execution of the Schiller deed of trust to release any contingent marital interest in the property pursuant to N.C. Gen. Stat. 39-7. The Schiller deed of trust was recorded in the New Hanover County Register of Deeds Office on 10 September 1984.

On 7 September 1984 defendant David Scott executed another deed of trust on the same property securing a note in the principal amount of $38,000 in favor of his wife, defendant Dorothy Scott. The Scott deed of trust was recorded in the New Hanover County Register of Deeds Office on 7 September 1984, three days prior to recordation of the Schiller deed of trust.

Defendant David Scott failed to make payments under either note, and the substitute trustee in the Scott deed of trust commenced foreclosure proceedings on the subject property. Plaintiff filed this action seeking, *inter alia*, a declaration that the Schiller deed of trust has priority over the Scott deed of trust. The court concluded, instead, that the Scott deed of trust has priority over the Schiller deed of trust, and it granted defendant Dorothy Scott's motion for summary judgment.

Plaintiff appeals.

*Yow, Yow, Culbreth & Fox, by Stephen E. Culbreth and Ralph S. Pennington, for plaintiff appellant.*

*Carter & Carter, P.A., by James Oliver Carter, and Burney, Burney, Barefoot, Bain & Crouch, by Auley M. Crouch, III, for defendant appellee.*

WHICHARD, Judge.

Plaintiff contends the court erred in granting summary judgment in favor of defendant Dorothy Scott. Specifically, she contends the court erred in holding that the Scott deed of trust is a valid lien upon the subject property with priority over the Schiller deed of trust. We disagree.

N.C. Gen. Stat. 47-20, the recording statute for deeds of trust, provides:

No deed of trust or mortgage of real or personal proper-
ty, or of a leasehold interest or other chattel real, or condi-
tional sales contract of personal property in which the title is
retained by the vendor, shall be valid to pass any property as
against lien creditors or purchasers for a valuable considera-
tion from the grantor, mortgagor or conditional sales vendee,
but from the time of registration thereof as provided in this
Article . . . .

"This statute is virtually identical to the statute governing out-
right conveyances, G.S. 47-18, and the two are construed alike."
*Schuman v. Roger Baker and Assoc.*, 70 N.C. App. 313, 315, 319
S.E. 2d 308, 310 (1984). "These statutes provide in essence that
the party winning 'the race to the [courthouse]' will have priority
in title disputes." *Id.*

While most jurisdictions have a form of recordation
statute which protects *subsequent* grantees from prior con-
veyances only if they have paid value and purchased without
actual notice of a prior unrecorded conveyance, the recorda-
tion statute in effect in North Carolina protects *any* pur-
chaser for value of specific land who records first, whether
he has notice of a prior unrecorded conveyance or not, and ir-
respective of whether he is a prior or subsequent purchaser.
. . . This concept is frequently expressed in the following
manner: "No notice, however full or formal, will supply the
want of registration of a deed." Thus in North Carolina, if a
grantor conveys real property to A and later conveys the
same interest to B for a valuable consideration, and B
records first, he will have the superior right in the real prop-
erty even though B had actual notice of the prior conveyance.
Although the grantor has conveyed good title to A and has
no further title to convey, the grantor retains a *power* to
defeat his earlier conveyance, if it is not recorded, by another
conveyance to a second grantee.

. . . .

Thus it is all important for a grantee to immediately re-
cord any deed which he receives in order to protect himself
against prior or subsequent purchasers from the same grant-
or with respect to the land granted.

Schiller v. Scott

Webster, *Real Estate Law in North Carolina* Sec. 370 at 402-03 (Rev. Ed. 1981). *See also Ellington v. Supply Company,* 196 N.C. 784, 789, 147 S.E. 307, 310 (1929) ("In construing the registration laws of this State, this Court has consistently held that no notice, however full and formal, will supply the place of registration"); *Schuman, supra,* 70 N.C. App. at 316, 319 S.E. 2d at 310.

[1] The issue is whether defendant Dorothy Scott is a valid lien creditor entitled to protection under N.C. Gen. Stat. 47-20. It is undisputed that she won "the race to the courthouse." She recorded her deed of trust three days before plaintiff recorded hers. Further, the record shows that defendant David Scott borrowed $13,000 from defendant Dorothy Scott with her permission in August 1984 and also made an unauthorized withdrawal of $25,000 from her money market account which she discovered in September 1984. These preexisting debts constitute the type of "valuable consideration" which would ordinarily bring defendant Dorothy Scott's lien "within the purview of the registration statute," N.C. Gen. Stat. 47-20, and thus make her a valid lien creditor. *Finance Corp. v. Hodges,* 230 N.C. 580, 582, 55 S.E. 2d 201, 203 (1949).

Plaintiff contends, however, that since defendant Dorothy Scott joined in the Schiller deed of trust to release her marital interest she was a party to that instrument and, as such, is not entitled to protection under N.C. Gen. Stat. 47-20. Citing *Patterson v. Bryant,* 216 N.C. 550, 5 S.E. 2d 849 (1939), plaintiff maintains that as between parties the instrument first executed, rather than the one first registered, has lien priority. Since the Scotts executed the Schiller deed of trust first, plaintiff contends that it should have priority over the Scott deed of trust even though the Scott deed of trust was recorded first.

In *Patterson* plaintiff-grantee failed to record a timber deed from defendant-grantor before defendant-grantor conveyed the same interest to other grantees who recorded first. The Court held that defendant-grantor was not protected by the recording statute vis-a-vis plaintiff-grantee and plaintiff-grantee thus could maintain an action of *assumpsit* against him. *Patterson,* 216 N.C. at 553-54, 5 S.E. 2d at 850-51. The Court premised its holding on the general rule that an unregistered deed is valid as between the parties without registration. *Id. See also Sales Co. v. Weston,* 245 N.C. 621, 626, 97 S.E. 2d 267, 271 (1957).

*Patterson*, however, does not control here. In *Maples v. Horton*, 239 N.C. 394, 80 S.E. 2d 38 (1954), plaintiff sought to enforce certain restrictions in a deed from her and her husband which conveyed property owned solely by the husband. Plaintiff had joined in the execution of the deed merely to release her inchoate right of dower. *Id.* at 399-400, 80 S.E. 2d at 42-43. The Court held that she could not enforce the deed restriction. *Id.* at 401, 80 S.E. 2d at 43. It stated:

> [A] married woman who joins her husband in the execution of a deed to his property, merely to release her inchoate right of dower, conveys nothing and is not bound by the covenants in such deed.
>
> . . . .
>
> "[She] incurs no obligation by reason of any collateral and merely personal covenant which may be inserted in the deed, and much less by any representation which it may contain. Such covenants or representations, though in form joint, must be regarded as intended to be the acts of the husband alone, and as operative upon him only and not upon the wife, who unites in the deed for the purpose of barring her right of dower, and cannot be presumed to have entered into all the particulars of a contract in which she has so remote and indirect an interest."

*Id.* at 399-400, 80 S.E. 2d at 42-43. Under *Maples*, "when a wife joins her husband in the execution of a deed to convey property owned solely by him, merely to release her inchoate right of dower, she neither is a grantor of the premises nor incurs any obligations by representations or covenants in the deed." *Wellons v. Hawkins*, 46 N.C. App. 290, 291, 264 S.E. 2d 788, 789 (1980).

We hold that this principle operates here to place defendant Dorothy Scott outside the *Patterson* "between parties" exception to N.C. Gen. Stat. 47-20. She was not a "party" to the Schiller deed of trust as contemplated by *Patterson* for purposes of N.C. Gen. Stat. 47-20 since she signed this instrument merely to release her marital interest and did not incur any liability thereon as a grantor to plaintiff as a grantee. *Maples, supra; Wellons, supra.*

[2]  Defendant Dorothy Scott was a witness to the Schiller deed of trust and arguably, as a witness to this instrument, she should

not enjoy protected lien creditor status under N.C. Gen. Stat. 47-20. *See King v. Peoples Bank and Trust Co.*, 371 So. 2d 257, 262-64 (La. 1979). The Court in *King* held that defendant-bank could not rely on Louisiana's statutory counterpart to N.C. Gen. Stat. 47-20 for protection as a "third party" creditor since the bank's attorney had prepared the closing documents for a prior, unregistered transaction, and accordingly the bank was a witness to this earlier, unrecorded conveyance. *Id.*

The "witness" exception to the recordation requirement is not applicable in this jurisdiction, however. The *King* court applied relevant Louisiana statutes which specifically provided that "witnesses to the act by which the mortgage [or sale] was stipulated" were not protected "third persons" under the recording statute. *King*, 371 So. 2d at 263. North Carolina has no counterpart to these provisions. Further, a "witness" exception to N.C. Gen. Stat. 47-20 would contravene the strong, well-established policy behind the recording statutes, stated by our Supreme Court as follows:

> The Connor Act . . . is firmly imbedded in our law. Its wisdom has clearly demonstrated itself in the certainty and security of titles in this State which the public has enjoyed since its enactment. It is necessary in the progress of society, under modern conditions, that there be one place where purchasers may look and find the status of title to land. Hence, in applying this act it has become axiomatic with us that "no notice, however full and formal, will take the place of registration."

*Turner v. Glenn*, 220 N.C. 620, 624-25, 18 S.E. 2d 197, 200-01 (1942).

Other than the *Patterson* "between parties" exception, North Carolina courts have only held or acknowledged that estoppel, fraud, or actual or constructive knowledge of pending litigation can defeat the priority of valid lien creditors or purchasers for a valuable consideration. *See, e.g., Bourne v. Lay & Co.*, 264 N.C. 33, 35, 140 S.E. 2d 769, 771 (1965) (actual knowledge of prior unregistered deed will not defeat the title of a purchaser for value in the absence of fraud or matters creating estoppel); *Hill v. Memorial Park*, 304 N.C. 159, 165, 282 S.E. 2d 779, 783 (1981) (purchaser claiming protection under recording statutes has the

burden of proving that he or she is an innocent purchaser for value, *i.e.*, that he or she paid valuable consideration and had no actual notice, or constructive notice by reason of *lis pendens*, of pending litigation affecting title to the property). *Schuman, supra,* 70 N.C. App. at 315-17, 319 S.E. 2d at 310-11, establishes that actual knowledge of a prior unrecorded conveyance is not a matter creating an estoppel, and thus the estoppel doctrine is inapplicable to the facts here.

In sum, no exception to the recordation requirement operates to deny defendant Dorothy Scott protection under N.C. Gen. Stat. 47-20. We thus hold that the court properly concluded that the Scott deed of trust is a valid lien upon the subject property with priority over the Schiller deed of trust. Since there is no genuine issue as to any material fact and defendant Dorothy Scott was entitled to a judgment as a matter of law, summary judgment in her favor was proper. N.C. Gen. Stat. 1A-1, Rule 56.

Affirmed.

Judges WEBB and JOHNSON concur.