**In re Kenneth/Lori MORGAN, Debtors.**

**Louis Yoppolo, Trustee, Plaintiff,**

v.

**Liberty Mortgage, et al., Defendants.**

No. 00–3105.

United States Bankruptcy Court,
N.D. Ohio.

June 18, 2001.

R. Kent Murphree, Toledo, OH, for defendant.

## *MEMORANDUM OPINION AND DECISION*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Defendant's Motion for Summary Judgment, Memorandum in Support, and Reply; and the Plaintiff/Trustee's Memorandum in Opposition to the Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment. This Court has now had the opportunity to review the arguments of Counsel, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Defendant's Motion for Summary Judgment should be Denied; and that the Plaintiff/Trustee's Cross Motion for Summary Judgment should be Granted.

### *FACTS*

None of the facts of this case appears to be in dispute. In 1995 the Debtors, Kenneth Morgan and Lori Morgan (hereinafter referred to as the "Debtors"), purchased a home for Sixty-eight Thousand dollars ($68,000.00). Fifth Third Bank

provided the Debtors with financing for the purchase price, and in consideration therefor, Fifth Third Bank took a first and best mortgage against the Debtors' residence.

In 1997 the Debtors sought to refinance their home. In this undertaking, the Defendant, Liberty Mortgage Company, Inc. (hereinafter referred to as the "Defendant"), agreed to lend the Debtors the amount of Sixty-nine Thousand Two Hundred dollars ($69,200.00), and in return the Debtors agreed to grant the Defendant an Open End Mortgage on their real estate. On August 15, 1997, the mortgage closing between the Defendant and the Debtors took place. Marketable Title Agency, Inc., which was doing business as ACS Capital City at the time of the closing, was the Defendant's agent responsible for conducting the mortgage closing with the Debtors. At the time of this closing, the Debtors' mortgage and appurtenant note with Fifth Third Bank had a balance of Sixty-five Thousand Four Hundred Thirty-one and 33/100 dollars ($65,431.33); this obligation was then satisfied by a check issued from the funds lent to the Debtors. To perfect its mortgage interest against the Debtors' residence, the mortgage granted to the Defendant was, on August 22, 1997, presented, and then accepted for recording in the local county mortgage records.

On February 18, 2000, the Debtors filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, pursuant to 11 U.S.C. § 701(a)(1), the Plaintiff, Louis Yoppolo (hereinafter referred to as the "Trustee"), was appointed as the bankruptcy trustee. In accordance with his duties as bankruptcy trustee, the Trustee

investigated the financial affairs of the Debtors. This investigation subsequently revealed that the mortgage executed by the Debtors to the Defendant in August of 1997 did not comply with Ohio law as only one witness was present at the mortgage closing. On this basis, the Trustee then commenced the instant adversary proceeding to avoid the Defendant's mortgage pursuant to his strong arm powers under § 544(a) of the Bankruptcy Code.[1] In opposition thereto, the Defendant, while not disputing the fact that its mortgage was improperly witnessed, argues that it is entitled to a replacement lien on the Defendant's property pursuant to § 550(e) of the Bankruptcy Code. On this issue, each Party filed a Motion for Summary Judgment.

### LAW

**§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers**

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

---

1. The Trustee's original complaint, in addition to naming Liberty Mortgage Company, Inc. as a Defendant, also named Empire Funding, Conseco Finance, and the Debtors as Defendants. These Defendants, however, failed to defend in this action, and as a result default judgments were entered.

**§ 550. Liability of transferee of avoided transfer**

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(e)(1) A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of—

(A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and

(B) any increase in the value of such property as a result of such improvement, of the property transferred.

(2) In this subsection, "improvement" includes—

(D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee[.]

**§ 551. Automatic preservation of avoided transfer**

Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

*DISCUSSION*

■ Determinations concerning the validity, extent, or priority of liens are core proceedings pursuant 28 U.S.C. § 157(b)(2)(K). Thus, this case is a core proceeding.

■ The Trustee's Complaint to avoid the Defendant's mortgage is brought pursuant to 11 U.S.C. § 544(a)(3). Under this section, a trustee in bankruptcy is given the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained, under applicable state law, bona fide purchaser status. *Owen–Ames–Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993). For purposes of this case, the effect of this section is that the Trustee may avoid any security interest against which a bona fide purchaser, under Ohio law, would have taken a superior interest in the Debtors' real property. In support of his cause of action under § 544(a)(3), the Trustee asserts that the mortgage held by the Defendant against the Debtors' residence was not properly witnessed in accordance with Ohio law, and as a result would not prevail against a subsequent interest taken in the same property by a bona fide purchaser.

Recently, in *Simon v. Chase Manhattan Bank (In re Zaptocky)*, the Sixth Circuit Court of Appeals held that a bankruptcy trustee, as a bona fide purchaser under § 544(a)(3), was entitled to avoid a mortgage that was not properly witnessed under Ohio law. 250 F.3d 1020 (6th Cir. 2001). With respect to this holding, the Defendant does not contest the fact that its mortgage was improperly witnessed under Ohio law. Rather, in defense of its position as a secured creditor in bankruptcy, the Defendant asserts that § 550(e)

provides it, in essence, a replacement lien on the Debtor's property.

Section 550 of the Bankruptcy Code permits a bankruptcy trustee, to the extent that a transfer is avoided, to recover the property transferred or the value of such property from either the initial transferee or the entity for whose benefit the transfer was made. The trustee's authority under this section, however, is limited in a few very important respects; chief among these limitations, for purposes of this case, is subparagraph (e) of § 550 which provides, in relevant part, that:

(e)(1) A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of—

(A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and

(B) any increase in the value of such property as a result of such improvement, of the property transferred.

(2) In this subsection, "improvement" includes—

(D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee[.]

In this case, the Defendant argues that it is entitled to the protections of this provision because (1) it was a good faith transferee of the mortgage from Marketable Title Agency, Inc., and (2) that by paying off Fifth Third Bank's previous mortgage, it made an "improvement" to the property within the meaning of 11 U.S.C. § 550(e)(2)(D). However, before the merits of the Defendant's position may even be addressed, an initial issue, raised by the Trustee, needs to be first ascertained: Is § 550 actually applicable in this case; that is, when a bankruptcy trustee avoids a mortgage under § 544(a)(3), is the trustee also required to recover the property under § 550(a).[2]

 In any exercise of statutory interpretation, the starting point is the language of the statute itself. *See, e.g., Ardestani v. INS*, 502 U.S. 129, 135, 112 S.Ct. 515, 519, 116 L.Ed.2d 496 (1991). In this regard, § 550(a) states, in relevant part, that, "... to the extent that a transfer is avoided under section 544 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property ...[.]"

 An examination of this statutory language clearly reveals that before a trustee is entitled to recover any property previously transferred by the debtor, the trustee must first avoid the underlying transfer. *Harrison v. Brent Towing Co., Inc. (In re H & S Transp. Co., Inc.)*, 939 F.2d 355, 359 (6th Cir.1991). Thus, § 550(a) encompasses two different concepts: avoidance and recovery. In addition, the difference between these two concepts goes beyond just mere appearance. *Dunes Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 498–99 (D.S.C.2000). Instead, a

---

**2.** In the Trustee's Motion for Summary Judgment, the Trustee addressed possible defenses that could be raised under O.R.C. § 5301.234; this section generally establishes the presumptive validity of an executed instrument for purposes of Ohio law. In this regard, the Trustee raised two overall issues: (1) does O.R.C. § 5301.234 operate retroactively; and (2) is O.R.C. § 5301.234 unconstitutional under Ohio law. However, as the Defendant did not raise as a defense the applicability of O.R.C. § 5301.234, the Court, at this time, finds that these issues are not ripe for determination.

review of the Bankruptcy Code reveals that the concepts of "avoidability" and "recovery" are distinct concepts completely separate and independent from one another; most notably in this regard, is the fact that avoidance issues are addressed by §§ 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code, while recovery issues are addressed in a different Bankruptcy Code section, namely § 550. However, the separateness of these two concepts— avoidance and recovery—is also illustrated in a number of additional ways. For example, under the Bankruptcy Code, avoidance and recovery actions have different statutes of limitations; specifically, § 546(a) provides the time frame for commencing an avoidance action under § 544, while § 550(f) addresses the same issue for recovery actions under § 550. Similarly, when a case is dismissed, different statutory sections apply: § 349(b)(1)(B) for avoidance actions under § 544; and § 349(b)(2) for recovery actions under § 550. *Eisen, Trustee v. Allied Bancshares Mortgage Corp. LLC, et al. (In re Priest)*, 268 B.R. 135, 137–39 (Bankr.N.D.Ohio 2000). The legislative history of § 550 also supports the separate nature of "avoidance" and "recovery" by explaining that, "[s]ection 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6331; S.Rep. No. 95–989, 95th Cong., 2nd Sess. 90 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5876.

In *Industrial & Municipal Eng'g. Inc. v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.)*, the distinction between avoidability and recovery was thoroughly explained as follows:

> [There are] three major consequences of avoidance: nullification of the transfer as against the trustee; preservation of the transfer for the benefit of the estate; and, in an appropriate case, recovery from transferees of the property or from other people who benefitted from the avoided transfer.

> Nullification is the principal consequence of avoidance. It always occurs upon avoidance and predicates the other two consequences, but is also significant in its own right. Nullification essentially means that the transfer is retroactively ineffective and the transferee legally acquired nothing through it.

> Preservation of the avoided transfer also occurs upon avoidance but is rarely practically important. In effect, it is an avoiding power which is used to defeat transfers that were subordinate to the avoided transfer under nonbankruptcy law.

> Recovery goes beyond avoidance. Recovery is a bankruptcy remedy for avoidance which makes transferees of the affected property, and also people for whose benefit the transfer was made, personally accountable to the estate for the return of the property or for its value. Avoidance is always necessary for recovery, but recovery is not always necessary or even useful after avoidance.

> In sum, our view of the relationship between avoidance and recovery is that avoidance, per se, legally annuls the transfer, and the transferred interest automatically becomes part of the estate. Recovery is a further step which makes transferees and beneficiaries of the transfer personally accountable to the estate with respect to the transferred property. Recovery does not define avoidance by providing the exclusive remedy for it; rather, recovery provides an additional remedy whenever avoidance alone provides incomplete relief. Recovery is necessary only when annul-

ment of the transfer does not completely satisfy the estate.

Congress deliberately distinguished between avoiding a transfer and recovering from the transferee. They are conceptually different, and each of them is remedially significant. Recovery depends upon avoidance but does not exclusively define it. Rather, recovery is a remedy that supplements the remedial effect of avoidance per se.

178 B.R. 753, 759 (Bankr.C.D.Ill.1995) (internal references omitted), citing Epstein, Nickles & White, *Bankruptcy*, Vol. 2, West, starting at Page 200.

Notwithstanding the differences afforded by the Bankruptcy Code to the concepts of "avoidability" and "recovery," the Defendant has asked the Court to adopt the holdings contained in *Bash v. Lepelley (In re Lepelley)*, 233 B.R. 802 (Bankr. N.D.Ohio 1999), and *Helbling v. Krueger (In re Krueger)*, 2000 WL 895601 (Bankr. N.D.Ohio June 30, 2000); these cases held, under factual circumstances very similar to the instant case, that a replacement lien is available to a creditor who pays off a preexisting valid lien despite the fact that the initial transfer was initially avoided by the trustee under § 544(a). Although the *In re Lepelley* case did not actually discuss the interrelationship between the concepts of avoidability and recovery, the *In re Krueger* case did, and stated as follows:

The Trustee argues that once the Mortgage is avoided section 550 does not come into play because the Trustee has no need to "recover" the avoided mortgage interest. The Trustee already has title to the Debtors' home. The effect of avoidance is simply to increase the value of property of the estate.

The principal difficulty with the Trustee's argument is that section 550 provides transferees of avoided interests protection not provided elsewhere in the Bankruptcy Code. Under subsection 550(b)(1) a transferee from the initial transferee is protected if it takes for value, in good faith and without knowledge of the avoidability of the transfer avoided. Under the Trustee's analysis it is unclear how such second transferee of a nonpossessory interest would be protected. Moreover, an immediate transferee of a nonpossessory interest, whether a mortgagee or holder of a nonpossessory ownership interest, would be denied protection for any improvements it made to the property securing the debt including repairs, taxes or other preservation costs under section 550(e)(1). No reason is suggested by the Trustee why Congress should have chosen to protect possessory transferees under section 550 but deny the same protections to nonpossessory transferees.

*In re Krueger*, at *3.

■■■■ Thus, in *In re Krueger*, the Court felt it necessary to afford a creditor, who had its mortgage interest avoided by the trustee under § 544(a), the defenses available in § 550 on the basis that to hold otherwise would lead to disparate results between the holders of possessory and nonpossessory interests in property. The difficulty with this argument, however, is that the statutory scheme set up by Congress to handle post avoidance issues specifically delineates between possessory and nonpossessory transfers of interests in property. To understand this differentiation, one must first understand that when a trustee avoids a transfer of property, the avoidance merely terminates the transferee's legal rights in the property vis-a-vis the trustee; the avoidance of the property interest, however, does nothing to put the bankruptcy estate in possession of the property. *In re Pearson Indus., Inc.*, 178 B.R. at 759 (Bankr.C.D.Ill.1995). As a

consequence, in order to bring the value of the transfer just avoided within the purview of the bankruptcy estate, a bankruptcy trustee must look to other statutory sections. In this regard, § 550 permits a trustee to "recover" transfers of property that were avoided, while § 551 "preserves" such transfers for the benefit of the estate. The very nature of these sections, however, is dependent on whether the interest the trustee avoided was possessory or nonpossessory. *See In re Greater Southeast Community Hosp. Found., Inc.,* 237 B.R. 518, 526 fn. 15 (Bankr.D.C.1999) (an avoided transfer is recovered under § 550 and if the transfer involved the creation of a lien, that lien is preserved under § 551). In particular, preservation under § 551 is, by its very nature, only applicable to nonpossessory interests, namely liens. In fact, as pointed out by the bankruptcy court in *In re Blanks,* 64 B.R. 467, 469 (Bankr. E.D.N.C.1986), the very purpose of § 551 is to prevent junior lien holders from improving their position at the expense of the estate when a senior lien is avoided. On the other hand, the very concept of "recovery" imparts the notion that a possessory interest in property exists; that is, the property to be recovered must be tangible property. The reason for this is self-evident: when a nonpossessory interest in property is avoided, there is nothing left to recover.[3] Accordingly, in light of the foregoing analysis, it is the position of this Court that to afford those creditors, who hold avoided nonpossessory interests in property, the defenses to recovery provided in § 550, would bypass the Bankruptcy Code's statutory scheme for handling such matters. Therefore, the Court declines to follow the holdings of *In re Lepelley* and *In re Krueger* to the extent that these decisions afford creditors with avoided mortgages the protections provided for in § 550.

▮▮▮▮▮ In summation, given the delineation between the concepts of avoidability and recovery under the Bankruptcy Code, it is the conclusion of this Court that a trustee's avoiding powers under § 544(a)(3) is an independent statutory remedy distinct from and separate from the trustee's powers of recovery under § 550(a). As a result, a bankruptcy trustee may, if the statutory conditions are met, avoid a transfer of property without also being required to recover the property under § 550(a). In addition, in the case of nonpossessory transfers, no recovery is possible under § 550, and thus the defenses to recovery contained therein are not applicable. Given these conclusions of law, the Court, at this time, declines to address the additional arguments raised by the Parties concerning the Defendant's compliance with the elements of § 550(e).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

---

**3.** With respect to this holding, one minor point should be made. 11 U.S.C. § 550(e)(2)(D) states that an improvement under § 550(e)(1) may constitute "payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee[.]" This section, however, should not be taken to mean that § 550(a) is applicable to liens. Instead, § 550(e)(2)(D) simply applies to the situation where the transferee of an avoided possessory interest in property had previously paid, in full or in part, a lien against such property that was equal or superior to the rights of the trustee. This situation could occur, for example, if a trustee were to avoid the transfer of an automobile, and the transferee of this automobile had previously paid-off a preexisting lien on the automobile that was equal or superior to the rights of the trustee.

**ORDERED** that the Motion for Summary Judgment submitted by the Defendant, Liberty Mortgage Company, be, and is hereby, DENIED; and that the Motion for Summary Judgment submitted by the Plaintiff, Louis Yoppolo, Trustee, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the mortgage lien the Defendant, Liberty Mortgage Company, holds against the Debtors' property and recorded in the mortgage records of the Huron County Recorder at Volume 537, Pages 680–687, be, and is hereby, avoided pursuant to 11 U.S.C. § 544(a)(3).

It is **FURTHER ORDERED** that the Defendant be given Thirty (30) days, commencing from the entry of this Order, to submit, as an unsecured creditor, a proof of claim.