UNION CENTRAL LIFE INSURANCE COMPANY AND LOUIS BREILING v. ADA G. CATES AND HER HUSBAND, PAUL CATES, M. U. HODGES, AND J. R. WOOLARD.

(Filed 30 March, 1927.)

**1. Deeds and Conveyances—Mortgages—Forgeries.**

Where pending negotiations in sale of the fee-simple unincumbered title to lands, the attorney for the proposed purchaser discovers a duly registered mortgage against the lands uncanceled of record in the office of the register of deeds, and the attorney for the owner agrees to have the same canceled of record; and thereafter surreptitiously obtains the cancellation stamp of the register of deeds and forges his signature so that apparently the mortgage was canceled under the provisions of C. S., 2594, subsec. 2, and relying thereon the proposed purchaser accepts the deed and pays the consideration: *Held,* the supposed cancellation of the mortgage was void as against the mortgagee who had no notice thereof until immediately before bringing his action to have the supposed cancellation declared void.

**2. Same—Burden of Proof.**

In the mortgagee's suit to have declared void the forged cancellation of his mortgage appearing by endorsement on the books of the register of deeds, the burden is on the plaintiff to establish the forgery by the preponderance or greater weight of the evidence.

INS. CO. *v.* CATES.

**3. Same—Instructions—Appeal and Error—Harmless Error.**

An instruction that the plaintiff had the burden of proving his case by clear, strong and cogent proof, when he is only required to do so by the preponderance of the evidence, is not reversible error to defendant's prejudice.

**4. Instructions—Directing Verdict—Evidence.**

Where only one reasonable inference can be drawn from all the evidence in the case, an instruction directing a verdict accordingly if the jury so find the facts, is proper.

**5. Deeds and Conveyances — Consideration — Assumption of Mortgage Debt—Mortgages—Foreclosure—Equity—Exoneration.**

Where a mortgage on lands describes two separate tracts of land in their order as No. 1 and No. 2, and the owner has since conveyed No. 2 to a grantee who has assumed the mortgage debt as a part of the consideration he has paid for the deed, the doctrine of equality is equity does not apply, and in a judgment of foreclosure the second tract should first be sold, and the proceeds applied to the satisfaction of the mortgage debt in favor of the purchaser of the first tract, in whose deed there was no such provision.

APPEAL by defendant M. U. Hodges from *Nunn, J.,* at October Term, 1926, of BEAUFORT.    No error.

Action to have cancellation of deed of trust, appearing on the record in the office of the register of deeds of Beaufort County, N. C., declared null and void, on the ground that said cancellation is a forgery, and for decree that the lands conveyed by said deed of trust be sold for the payment of the indebtedness secured therein.

Issues submitted to the jury were answered as follows:

1. Was the cancellation of the deed of trust from Ada G. Cates and her husband to Louis Breiling, dated 31 January, 1918, appearing in Book 203, at page 360, register's office of Beaufort County, forged by N. L. Simmons?    Answer: Yes.

2. Is the defendant M. U. Hodges a purchaser for value of the land described in his deed from Lena Swain and husband, and without notice of such forgery, as alleged in the answer?    Answer: Yes.

3. Is the defendant J. R. Woolard a purchaser for value of the land described in his deed from Ada G. Cates and husband, and without notice of such forgery?    Answer: Yes.

From judgment upon the verdict, and upon admissions of the parties, made during the trial, defendant M. U. Hodges appealed to the Supreme Court.

*H. C. Carter for plaintiffs.*
*Small, MacLean & Rodman for defendant M. U. Hodges.*
*Wiley C. Rodman for defendant J. R. Woolard.*

CONNOR, J.   On 31 January, 1918, defendants Ada G. Cates and her husband, Paul Cates, executed a deed of trust, conveying to plaintiff Louis Breiling lands described therein, for the purpose of securing the payment of certain notes, executed by the grantors, aggregating the sum of $2,000, and payable to the Union Central Life Insurance Company. The lands conveyed by said deed of trust are situate in Beaufort County; they are described therein as the first tract, containing seven acres, known as the La Barbe Summer Residence, and as the second tract, containing sixty acres, known as the Stallings land.   The deed of trust was duly recorded in the office of the register of deeds of Beaufort County. The notes secured therein have not been paid in full; the amount now due on said notes is $1,693.52, with interest thereon from 1 November, 1923.

On 19 October, 1919, the defendants Ada G. Cates and her husband, Paul Cates, executed a deed, conveying the second tract of land, described in said deed of trust, to Luke Jackson.   This deed was duly recorded on 24 October, 1919.   It recites a consideration of $10 and other valuable considerations, and contains a clause in words as follows:

"But this deed is made by the parties of the first part and is accepted by the party of the second part, subject to an existing mortgage indebtedness of the parties of the first part to the Union Central Life Insurance Company of $2,000, secured by deed of trust of the parties of the first part to Louis Breiling, dated 31 January, 1918, the balance of which indebtedness the said party of the second part hereby assumes and agrees to pay and discharge as part of the purchase price of the tract of land above described; and the party of the second part hereby agrees to protect the parties of the first part from any liability whatever under said mortgage by reason of its containing a certain tract of seven acres, known as the La Barbe Summer Residence."

Defendant M. U. Hodges has by *mesne* conveyances become the owner of said second tract, claiming title thereto under the deed from Ada G. Cates and her husband to Luke Jackson; he claims title immediately under deed from Lena Swain and her husband, to whom Luke Jackson conveyed said land by deed duly recorded on 12 April, 1923; the deed from Lena Swain and her husband to defendant M. U. Hodges was duly recorded on 21 December, 1923.   M. U. Hodges is a purchaser for value of said land; he relied in good faith upon the validity of the cancellation of the deed of trust from Ada G. Cates and her husband to Louis Breiling, as same appeared upon the record in the office of the register of deeds at the time he paid the purchase price for said land to Lena Swain and her husband, his grantors.

On 2 November, 1922, the defendants Ada G. Cates and her husband, Paul Cates, executed a deed, conveying to defendant J. R. Woolard the

first tract of land described in said deed of trust, known as the La Barbe Summer Residence. This deed was duly recorded on 5 April, 1923; it was delivered on said day to said J. R. Woolard, who, upon delivery of same, paid the purchase price for said land to the said Ada G. Cates and her husband, his grantors. J. R. Woolard is a purchaser for value of said land; he relied in good faith upon the validity of the cancellation of the deed of trust from Ada G. Cates and her husband to Louis Breiling, as same appeared upon the record in the office of the register of deeds, at the time he paid the purchase price for said land to his grantors.

Upon the record of the deed of trust from Ada G. Cates and her husband to Louis Breiling, in the office of the register of deeds of Beaufort County, the following words and figures, stamped and written thereon, purporting to be a cancellation of said deed of trust, appear:

"Satisfaction of this mortgage or deed of trust is this day entered by me in pursuance of Revisal of 1905, section 1046.
"4-4-23.                                        G. RUMLEY,
                                               J. L. M.,
                                               *Register of Deeds.*"

On 4 April, 1923, the day on which this entry was made on said record, G. Rumley was the register of deeds of Beaufort County; J. L. Morgan was his deputy. The entry was made on said record by N. L. Simmons, who used for that purpose a stamp, kept in his office by the register of deeds, for the cancellation of mortgages and deeds of trust, pursuant to the provisions of section 1046 of the Revisal of 1905 (now C. S., 2594, subsection 2), which is in the following words:

"2. Upon the exhibition of any mortgage, deed of trust, or other instrument intended to secure the payment of money, accompanied with the bond or note, to the register of deeds or his deputy, where the same is registered, with the endorsement of payment and satisfaction appearing thereon by the payee, mortgagee, trustee, or assignee of the same, or by any chartered active banking institution in the State of North Carolina, when so endorsed in the name of the bank by an officer thereof, the register or his deputy shall cancel the mortgage or other instrument by entry of 'satisfaction' on the margin of the record; and the person so claiming to have satisfied the debt may retain possession of the bond or mortgage or other instrument. But if the register or his deputy requires it, he shall file a receipt to him showing by whose authority the mortgage or other instrument was canceled."

The date and name of the register of deeds, as same appear upon the record, were written by the said N. L. Simmons. Neither G. Rumley, the register of deeds, nor J. L. Morgan, his deputy, authorized the said

N. L. Simmons to use said stamp, or to write the name "G. Rumley" or the initials "J. L. M." on said record. The said cancellation was not authorized by either of the plaintiffs; neither of them knew, until shortly before this action was begun, that said cancellation appeared upon the record.

The jury has found, in answer to the first issue, that the cancellation of the deed of trust from Ada G. Cates and her husband, to Louis Breiling, as same appears upon the record of said deed of trust, in the office of the register of deeds, was forged by N. L. Simmons. There was no allegation of any conduct on the part of plaintiffs, with respect to said cancellation, out of which any equities arise in favor of defendants M. U. Hodges or J. R. Woolard, and against the plaintiffs, or either of them.

Upon the verdict of the jury, and upon admissions of the parties, made during the trial, it was ordered and adjudged that plaintiff, Union Central Life Insurance Company, recover of defendant Paul Cates the sum of $1,693.52, with interest thereon from 1 November, 1923, this being the sum now due on the notes secured in said deed of trust. Summons had not been served on defendant Ada G. Cates; no judgment was therefore rendered against her.

It was further ordered, adjudged, and decreed that the cancellation appearing upon the record of the deed of trust from Ada G. Cates and her husband to Louis Breiling, on page 360, in Book 203, office of the register of deeds of Beaufort County, is null and void, and that plaintiffs, by virtue of said deed of trust, have a first lien upon the lands described therein.

It was further ordered, adjudged, and decreed that the said lands be sold by the commissioner named in said decree, and that out of the proceeds of the said sale the judgment rendered herein be paid. The commissioner was directed in said decree as follows:

"The said commissioner is hereby directed to first sell the tract of land described in said deed of trust as the second tract, and if said land shall fail to bring an amount sufficient to pay off and discharge this judgment, together with the costs, and the costs of sale, including commissions to the commissioner for his services, then the said commissioner is directed to sell the first tract of land described in said deed of trust. If said lands shall bring an amount more than sufficient to pay this judgment and the costs of sale, the commissioner is directed to pay the same into the hands of the clerk of the Superior Court of Beaufort County."

Defendant M. U. Hodges, upon his appeal to this Court, assigns as error the instruction of the court to the jury, with respect to the first issue. This instruction was in the following words:

"If you believe the evidence, and if you are satisfied that the evidence is clear, strong and convincing that Simmons forged the cancellation of

the deed of trust, you will answer the first issue 'Yes'; if you are not so satisfied, you will answer it 'No.' "

Although we cannot approve the form of this instruction, we find no substantial error therein prejudicial to defendant. All the evidence tended to sustain the contention of plaintiffs that the issue should be answered in the affirmative. The jury so answered it. There was no evidence to the contrary. Only the credibility of the testimony and the probative force of the evidence were to be determined by the jury. The instruction, however, is erroneous in that plaintiffs are required thereby to establish the affirmative of the issue by evidence which the jury shall find is clear, strong, and convincing. In *Jones v. Coleman,* 188 N. C., 631, we said: "The affirmative of an issue involving only the question as to whether a written instrument has been executed, may be sustained by the greater weight or preponderance of the evidence; when, however, the execution of the instrument is admitted, and its integrity or legal effect is attacked, the party who carries the burden of the issue must establish his contention by evidence clear, strong, and convincing." The error, however, in imposing upon the plaintiffs a burden with respect to the quality of the evidence greater than that required by the law was not prejudicial to defendant. His assignment of error, based upon his exception to this instruction, is not sustained.

The defendant further assigns as error the instruction of the court to the jury upon the third issue. This instruction was as follows:

"If you believe the evidence, you will answer the third issue 'Yes.' "

The evidence was to the effect that the defendant J. R. Woolard entered into negotiations with Ada G. Cates and her husband for the purchase of the La Barbe Summer Residence, during the fall of 1922. These negotiations were conducted on the part of the defendants Cates by N. L. Simmons. An examination of the records, by the attorney of defendant J. R. Woolard, disclosed that the deed of trust from Ada G. Cates and her husband to Louis Breiling, then duly recorded, had not been canceled. N. L. Simmons, acting for the defendants Cates, agreed to procure the cancellation of the said deed of trust. The defendant Woolard, pursuant to an agreement with the said N. L. Simmons, delivered his check for $500 to his attorney as part payment of the purchase price for said land. This check was held by said attorney, pending the cancellation of the deed of trust, until 5 April, 1923. On said date this check, together with three notes, executed by the said Woolard, payable to Ada G. Cates, each for the sum of $500, was delivered by said attorney to Ada G. Cates. The cancellation of the deed of trust, purporting to have been made by the register of deeds, pursuant to the statute, was entered on the record on 4 April, 1923. Neither defendant Woolard nor his attorney had any notice that said cancellation had been forged

by N. L. Simmons. The check for $500 was paid by the bank on which it was drawn on 5 April, 1923, or soon thereafter. The notes, given for the deferred payments on the purchase price of the land, have since been transferred to an innocent purchaser. The deed conveying the said land to J. R. Woolard was delivered to him shortly after it was recorded on 5 April, 1923. He went into possession of the land conveyed by the said deed immediately upon its delivery to him, and has since remained in possession of the same. We find no error in the instruction to the jury that if they believed the evidence, they should answer the third issue "Yes."

However, neither the defendant M. U. Hodges nor the defendant J. R. Woolard acquired any rights in or to the lands conveyed to him under his deed superior to the rights of plaintiffs, under the deed of trust, which was duly recorded prior to the conveyances to said defendants. The fact that the jury has found that each is a purchaser for value of the land described in his deed, without notice that the cancellation of the deed of trust, appearing on the record at the time he purchased the land conveyed to him, was a forgery, is immaterial, as affecting the rights of the plaintiffs. The cancellation is a nullity; it has no force or effect. The principle, applicable to the facts in this case, is stated in 41 C. J., at page 585, as follows:

"As between a mortgagee, whose mortgage has been discharged of record solely through the act of a third person, whose act was unauthorized by the mortgagee, and for which he is in no way responsible, and a person who has been induced by such cancellation to believe that the mortgage has been canceled in good faith, and has dealt with the property by purchasing the title, or accepting a mortgage thereon as security for a loan, the equities are balanced, and the lien of the prior mortgage, being first in order of time, is superior. If, however, the owner of the mortgage is responsible for the mortgage being released of record, as when the entry of satisfaction is made possible by his own neglect, or misplaced confidence, or his own mistake, or where he is shown to have received actual satisfaction, or to have accepted the benefit of the transaction which resulted in the release, he will not be permitted to establish his lien to the detriment of one who has innocently dealt with the property in the belief that the mortgage was satisfied." This statement of the law is abundantly supported by authorities cited in the notes. In *Heyder v. Excelsior B. and L. Association,* 42 N. J. Eq., 403, 8 Atl., 310, 59 Am. R., 49, it is very justly said: "The security afforded by registry should remain undisturbed by a cancellation effected through mistake, accident, or fraud of third persons, even if by such cancellation subsequent mortgagees or purchasers are made to suffer loss. Such after-

acquired rights ought not to prevail against the just claims of an inno-
cent, nonnegligent incumbrancer, because the record has been wrongly
effaced."

Defendant M. U. Hodges further contends that there is error in the
judgment, in that the commissioner is therein directed to sell first the
tract of land now owned by him, the same being the second tract de-
scribed in the deed of trust, and not to sell the tract of land now owned
by defendant J. R. Woolard, the same being the first tract described in
the deed of trust, unless the second tract directed to be sold first shall
fail to bring an amount sufficient for the payment in full of the judg-
ment herein rendered.

The second tract, containing sixty acres, and known as the Stallings
land, was first sold and conveyed by the grantors in the deed of trust.
The first tract, containing seven acres, and known as the La Barbe
Summer Residence, was retained by said grantors and subsequently sold
and conveyed by them to the defendant J. R. Woolard. However, the
grantee in the deed for the second tract, which was first conveyed by
the grantors in the deed of trust, expressly assumed the payment of the
indebtedness secured by the deed of trust, in part payment of the pur-
chase price of the tract bought by him, and agreed to protect his grantors
from all liability on account of said indebtedness, and thus cause the
release of the La Barbe Summer Residence from the deed of trust.
This agreement appears upon the face of the deed to Luke Jackson,
which was duly recorded at the time J. R. Woolard purchased the
La Barbe Summer Residence from Ada G. Cates and her husband.
M. U. Hodges claims under this deed; he purchased the land with full
notice from the record of said agreement.

In support of his contention, defendant relies upon the rule which is
said to prevail in a majority of the states that as between successive
purchasers of separate tracts of land, all of which are subject to a
mortgage executed by their common grantor, the separate tracts, upon
default of the mortgagor in the payment of the indebtedness secured
by the mortgage, should be sold for the payment of said indebtedness
in the inverse order in which they were conveyed, so that the tract last
conveyed is primarily liable for the indebtedness, and must be sold before
recourse can be had to the tract next in order. 41 C. J., 764. This
rule is an exception to the general principle that equality is equity.
It has no application, however, where the grantee of one of the separate
tracts has assumed the payment of the entire indebtedness secured by
the mortgage on all the tracts which have been subsequently conveyed
to successive purchasers by the mortgagor.

In 18 R. C. L., at p. 475, it is said: "If the grantee of any parcel
expressly assumes the payment of the lien, or agrees with the grantor

that the part he buys shall be subject to the lien, and that the amount thereof shall be a part of the consideration for the portion he buys, equity will not interpose to protect him by subjecting the part of the premises remaining in the owner to be first sold. If the purchaser assumes the payment of the lien, the parcel thus purchased becomes, in the hands of the grantee and those holding under him, primarily chargeable with the lien debt as against the grantor, and consequently as against all subsequent grantees, or as against other parcels subsequently conveyed by the grantor."

The second tract described in the deed of trust was conveyed by the grantors therein to Luke Jackson upon his express agreement to pay off and discharge the indebtedness secured by the deed of trust in exoneration of the first tract, which was retained by said grantors, from the claims of the plaintiffs under the deed of trust; as between Ada G. Cates and her husband on the one hand and Luke Jackson on the other, the second tract was liable for the payment of the notes held by the plaintiff, the Union Central Life Insurance Company; the La Barbe Summer Residence was as between them released from the deed of trust.

Defendant M. U. Hodges is now the owner of the second tract, claiming under Luke Jackson; defendant J. R. Woolard is the owner of the first tract, claiming under Ada G. Cates and her husband. Both these defendants had notice from the records at the time the said tracts were conveyed to them, respectively, of the equity growing out of the agreement between their respective grantors. M. U. Hodges holds his title to the second tract subject to the equity of J. R. Woolard, as owner of the first tract, to have the second tract first sold for the payment of the judgment rendered herein, and in exoneration of the first tract from the claims of the plaintiffs by reason of the deed of trust.

The contention of the defendant M. U. Hodges that it was error to direct the commissioner to sell first the second tract of land, now owned by him, cannot be sustained. The judgment of the Superior Court is in accord with well settled principles, and must be affirmed. There is

No error.