FIRST FINANCIAL SAVINGS BANK, INC. AND HENRY A. BOYD, TRUSTEE
v. CHARLES H. SLEDGE AND WIFE, MARGARET T. SLEDGE, PHILIP I.
WALKER AND WIFE, REBECCA G. WALKER, RUTH A. NOBLITT AND
STATE EMPLOYEES CREDIT UNION

No. 913SC474

(Filed 7 April 1992)

**Mortgages and Deeds of Trust § 9 (NCI3d) — unrecorded release deed — alteration by borrower — innocent purchaser — lender not negligent — priority of lender's lien**

A lender was not negligent in giving the borrower an unrecorded deed releasing one lot from a deed of trust and thus did not lose the priority of its lien for other lots covered by the deed of trust when the borrower altered the release deed to include three additional lots, recorded the deed for the release of four lots, and sold one of the additional lots to an innocent purchaser who placed a deed of trust on such lot.

**Am Jur 2d, Alteration of Instruments §§ 27, 53.**

APPEAL by defendants from judgment entered 14 January 1991 in CARTERET County Superior Court by *Judge W. Russell Duke, Jr.* Heard in the Court of Appeals 11 March 1992.

*Darden, Coyne, Simpson & Harris, by John P. Simpson, for plaintiffs-appellees.*

*Ward and Smith, P.A., by J. Nicholas Ellis, for defendant-appellant State Employees Credit Union.*

*Roger L. Crowe, Jr., P.A., by Andrew A. Lassiter, for defendants-appellants Philip I. Walker and Rebecca G. Walker.*

WYNN, Judge.

On or about 17 April 1987, Chuck and Lynn Sledge executed a promissory note secured by a deed of trust to Henry A. Boyd, trustee, and First Financial Savings Bank, Inc. (hereinafter "First Financial") in the original amount of $40,000. The deed of trust was recorded on 17 April 1987 in Carteret County and secured First Financial's lien on lots 28, 29, 31, 34, and 35 of Riverside Estates.

On 29 October 1987, Chuck Sledge requested a release deed for lot 31 and agreed to pay First Financial the release fee of

$8,000. Teresa Arthur, a First Financial employee, forwarded an unexecuted release deed to Mr. Boyd, who later returned the executed deed to Ms. Arthur. After paying the release fee, Ms. Arthur gave Mr. Sledge a deed releasing lot 31. Without the knowledge or authorization of plaintiffs, Mr. Sledge subsequently altered the release deed to include lots 28, 29, and 34. He then recorded the document on 28 November 1987 for the release of lots 28, 29, 31, and 34 of Riverside Estates.

Chuck and Lynn Sledge later sold lot 34 to the Walkers. The deed for the sale of lot 34 was recorded, and the Walkers subsequently executed a deed of trust in favor of the State Employees Credit Union (hereinafter "Credit Union") on lot 34. After discovering the release deed was altered materially, First Financial and Mr. Boyd brought an action to set aside the release deed as it pertained to lots 34, 28, and 29. The trial court granted summary judgment in favor of First Financial and Mr. Boyd, and Mr. and Mrs. Walker and the Credit Union appealed to this Court.

---

The sole issue presented by appellants is whether the trial court committed reversible error in granting plaintiffs' motion for summary judgment. Appellants contend that there is a genuine issue of material fact regarding plaintiffs' negligence in giving Chuck Sledge possession of the unrecorded release deed. For the reasons which follow, we disagree with appellants' arguments and affirm the decision of the trial court.

The law in this State is clear regarding material alterations of written instruments. The discharge of a perfected mortgage upon public record by the act of an unauthorized third party entitles the mortgagee to restoration of its status as a priority lienholder over an innocent purchaser for value. *Union Central Life Insurance Co. v. Cates*, 193 N.C. 456, 462, 137 S.E. 324, 327 (1927). The owner of a mortgage, however, will lose priority over an innocent purchaser if the mortgagee is negligent with respect to the release of the mortgage. *Id.*

In the case at bar, we find that plaintiffs did not breach a duty in giving Chuck Sledge possession of the unrecorded release deed. Mr. Sledge paid the proper release fee and was entitled to the deed. There are neither cases nor statutes which require a mortgagee to record a release deed prior to delivering it to the mortgagor. Mr. Sledge's alteration of the deed was an unauthor-

FIRST FINANCIAL SAVINGS BANK v. SLEDGE

[106 N.C. App. 87 (1992)]

ized act, and plaintiffs were in no way negligent for his act. We, therefore, affirm the decision of the trial court.

The decision of the trial court granting summary judgment in favor of plaintiffs is,

Affirmed.

Judges ARNOLD and LEWIS concur.