IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1060

Filed: 21 May 2019

Mecklenburg County, No. 16 CVS 16352

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III, Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACOPIA, LLC, SOUTHAMPTON COMMONS HOMEOWNERS ASSOCIATION, INC., ROSSABI BLACK SLAUGHTER, PA, KEITH H. PROPERTY, LLC, KEITH LAMANCE HARRELL, IH6 PROPERTY NORTH CAROLINA, LP and DOE DEFENDANTS A-Z, Defendants.

Appeal by plaintiff from orders entered 4 December 2017 and 16 January 2018 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 March 2019.

> *Bradley Arant Boult Cummings LLP, by Brian M. Rowlson, Mark S. Wierman and G. Benjamin Milam, for plaintiff-appellant.*
>
> *Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell and Christopher C. Finan, for defendant-appellee IH6 Property North Carolina, LP.*

TYSON, Judge.

Wilmington Savings Fund Society ("Plaintiff") appeals from an order granting IH6 Property North Carolina, LLC's ("Defendant") motion for judgment on the pleadings pursuant to Rule 12(c) of the N.C. Rules of Civil Procedure and an order denying Plaintiff's motion for reconsideration. We reverse and remand.

## I. Background

Keith Harrell purchased property located at 9007 Holland Park Lane in Charlotte, North Carolina, in February 2009. Harrell borrowed $171,830 from Acopia, LLC, as evidenced by a promissory note. To secure the note, Harrell executed a deed of trust in favor of Mortgage Electronic Registration Systems ("MERS"), solely as nominee for Acopia and its successors and assigns. Through a series of assignments, LSF9 Master Participation Trust ("LSF9") acquired the note and deed of trust in July 2015. Harrell subsequently defaulted on payments due under the terms of the note and deed of trust.

The Southampton Commons Homeowners Association, Inc. ("HOA") filed a lien against Harrell's property at 9007 Holland Park Lane for unpaid assessments. Following a hearing in August 2015, the property was sold at auction to Keith H. Property, LLC ("Keith Property"). The HOA conveyed the property via a quitclaim deed with title expressly "subject to any and all superior liens," which was recorded in the Mecklenburg County Public Registry on 18 December 2015.

Kondaur Capital Corporation ("Kondaur") acquired the note and deed of trust on 28 October 2015 through assignment from LSF9. This assignment was recorded on 3 December 2015. A purported satisfaction of the deed of trust was executed by a vice president of MERS, without any authority, and was recorded on 2 December 2015 in the Mecklenburg County Public Registry.

Keith Property conveyed its interest in the property to Defendant via general warranty deed, recorded on 7 March 2016. Kondaur initiated action against Defendant; MERS; the HOA; the substitute trustee that handled the HOA sale; Harrell; and Keith Property on 15 September 2016. Kondaur's complaint requested the trial court to issue a judgment declaring, *inter alia*, the deed of trust remained a valid, enforceable first priority lien on the property, and that Defendant had acquired its interest in the property subject to Kondaur's prior lien. A notice of *lis pendens* was filed 26 September 2016. Defendant served its affirmative defenses, answer, and counterclaim on 21 November 2016, seeking to quiet the title of the property pursuant to N.C. Gen. Stat. §§ 41-10 and 1-253.

Plaintiff acquired the note and deed of trust from Kondaur in a pool of loans it purchased on or about 25 November 2016. An assignment evidencing the transaction was executed on 8 December 2016 and recorded on 21 July 2017. Plaintiff filed a motion to substitute as a party and an answer to Defendant's counterclaim on 10 January 2017.

The trial court entered a consent final judgment concerning MERS on 3 April 2017. The court's consent judgment found and concluded MERS no longer held any interest in the deed of trust at the time the purported satisfaction was executed and recorded, it was without authority to execute the satisfaction, and the satisfaction was void.

Following discovery, Plaintiff filed a motion for summary judgment in August 2017. In September 2017, Defendant filed a motion for judgment on the pleadings. After a hearing, the trial court entered an order granting Defendant's motion for judgment on the pleadings on 4 December 2017. Plaintiff made a motion for reconsideration, which was denied without a hearing on 16 January 2018. Plaintiff timely appealed both orders.

## II. Jurisdiction

The order granting judgment on the pleadings and the order denying reconsideration were interlocutory, as they only disposed of the claim between Plaintiff and Defendant. Subsequently, Plaintiff voluntarily dismissed all remaining claims against the other defendants, and Defendant voluntarily dismissed its counterclaim against Plaintiff. As all other parties and claims have been disposed of, the orders concerning Plaintiff and Defendant are now final, and are appealable as a final judgment pursuant to N.C. Gen. Stat. § 7A-27(b) (2017).

## III. Issues

Plaintiff argues the trial court erred by granting Defendant's Rule 12(c) motion for judgment on the pleadings. It asserts the trial court disregarded the Rule 12(c) standard of review and improperly drew all inferences in favor of Defendant. Plaintiff also argues the trial court erred in balancing the equities in favor of Defendant.

## IV. Standard of Review

"Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (internal citations and quotations omitted). All facts and inferences are to be viewed in the light most favorable to the non-movant. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). "All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Id.*

This Court reviews a grant of a motion for judgment on the pleadings *de novo*. *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008).

## V. Analysis

The order included in the record is limited, merely concluding, after review of the pleadings, that Defendant was entitled to judgment as a matter of law and all Plaintiff's claims against Defendant are dismissed without prejudice. Prior to ruling on Plaintiff's motion for reconsideration, the trial court sent an e-mail, which concluded with the following paragraph:

> [P]lease prepare a summary order without any findings of fact or anything along the lines of what I've described above and send the same with a SASE to my office in the Mecklenburg County Courthouse within ten (10) days. This is a legal determination subject to *de novo* review, of course, and nothing is required other than a summary order. I do wish, however, for you to attach a copy of this email to the order so that it will make it into the record. As

> opposed to sending you a one-line email with a decision, I
> wanted to let counsel and the parties know the reasons I
> have decided to grant the Rule 12(c) motion.

When asked at oral arguments how this Court should view the e-mail included in the record, Defendant argued the e-mail should be disregarded, and this Court should only review the orders. Defendant asserted the trial court had later recanted and sent a subsequent e-mail directing the previous e-mail not to be included in the record. If such an e-mail was sent, and either party felt the record would be insufficient without it being included, the record should have supplemented. N.C. R. App. P. 9(b)(5). Further, Defendant cites to this earlier e-mail contained in the record in its brief.

This Court's scope of review is limited by what is included in the record, the transcripts, and any other items filed pursuant to Rule 9, all of which can be used to support the parties' briefs and oral arguments. N.C. R. App. P. 9(a). As part of the record on appeal, the trial court's e-mail is included in our *de novo* review. *See id.*

### A. Plaintiff as Assignee

The trial court's e-mail purports to distinguish between an "assignment" and an "acquisition." The trial court reasoned Plaintiff was not a successor-in-interest of Kondaur because it "acquired" the note and deed of trust, and is thus unable to stand in the shoes of Kondaur and its predecessors-in-interest to maintain the original priority of its interest. The trial court appears convinced by Defendant's argument, asserting only the original victim, in this case Kondaur, is eligible to seek the

equitable remedy to maintain its priority under *Union Cent. Life Ins. Co. v. Cates*, 193 N.C. 456, 137 S.E. 324 (1927), and its progeny. We disagree.

In the priority of deed recordation, North Carolina is classified as a "pure race" state. N.C. Gen. Stat. § 47-18(a) (2017); *Bourne v. Lay & Co.*, 264 N.C. 33, 35, 140 S.E. 2d 769, 770 (1965). As a pure race state, the first person to record the conveyance of an interest in property takes priority, whether or not there is notice of other conveyances. *Schuman v. Roger Baker & Assocs., Inc.*, 70 N.C. App. 313, 316, 319 S.E.2d 308, 310 (1984) (citing *Bourne* 264 N.C. at 35, 140 S.E. 2d at 771) ("Our Supreme Court has repeatedly held that no notice, however full or formal, will supply the want of registration of a deed."). "The General Assembly, by enacting these laws, clearly intended that prospective purchasers should be able to safely rely on the public records." *Schuman*, 70 N.C. App. at 316-17, 319 S.E.2d at 311.

Under pure race priority recordation, Defendant, if found to be an innocent purchaser for value, would be able to rely upon an examination of the Mecklenburg County Public Registry, which included a satisfaction of the note, recorded on 2 December 2015. An equitable exception exists to this general rule:

> As between a mortgagee, whose mortgage has been discharged of record solely through the act of a third person, whose act was unauthorized by the mortgagee, and for which he is in no way responsible, and a person who has been induced by such cancellation to believe that the mortgage has been canceled in good faith, and has dealt with the property by purchasing the title, or accepting a mortgage thereon as security for a loan, the equities are

balanced, and the lien of the prior mortgage, being first in order of time, is superior.

*Union Cent. Life Ins. Co.*, 193 N.C. at 462, 137 S.E. at 327.

Defendant argues this equitable exception can only apply to parties who are true, innocent victims. The trial court appears to have concluded, as a matter of law on the pleadings, that Plaintiff, by acquiring the note with notice of the pending litigation asserting priority, cannot claim to be an innocent victim of the void satisfaction. Defendant argues this notice deprives Plaintiff of the exception in *Union Central*:

> If, however, the owner of the mortgage is responsible for the mortgage being released of record, as when the entry of satisfaction is made possible by his own neglect, or misplaced confidence, or his own mistake, or where he is shown to have received actual satisfaction, or to have accepted the benefit of the transaction which resulted in the release, he will not be permitted to establish his lien to the detriment of one who has innocently dealt with the property in the belief that the mortgage was satisfied.

*Id.*

No evidence supports a finding that Plaintiff or Kondaur was responsible for the release of the mortgage; was neglectful; misplaced confidence; received actual satisfaction; or benefitted from the transaction, which resulted in the purported release. In fact, the consent judgment on MERS' purported action shows otherwise. Additionally, Defendant has failed to show that North Carolina common law and statutes do not allow Plaintiff to step into the shoes of Kondaur and its predecessors-

in-interest and avail itself of the pure race exception set out in *Union Central. Id.* ("a mortgagee, whose mortgage has been discharged of record solely through the act of a third person, whose act was unauthorized by the mortgagee, and for which he is in no way responsible. . . the lien of the prior mortgage, being first in order of time, is superior").

North Carolina law concerning the assignments of contracts is well established.

> The general rule is that contracts may be assigned. The principle is firmly established in this jurisdiction that, unless expressly prohibited by statute or in contravention of some principle of public policy, all ordinary business contracts are assignable, and that a contract for money to become due in the future may be assigned.

*Hurst v. West*, 49 N.C. App. 598, 604, 272 S.E.2d 378, 382 (1980) (citation and quotation marks omitted).

"Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course." N.C. Gen. Stat. § 25-3-203(b) (2017). Our Supreme Court long ago established "the assignee stands absolutely in the place of his assignor[.]" *Smith v. Brittain*, 38 N.C. 347, 354 (1844).

Further, "if an innocent purchaser conveys to one who has notice, the latter is protected by the former's want of notice and takes free of the equities." *Morehead v. Harris*, 262 N.C. 330, 342, 137 S.E.2d 174, 185 (1964).

The fact Plaintiff purchased the note and deed of trust from Kondaur while litigation concerning priority was pending does not foreclose Plaintiff's ability to avail itself of the protections of *Union Central.* Kondaur's assignment of the deed of trust to Plaintiff allowed Plaintiff to step into the shoes of Kondaur and its predecessors-in-interest. Defendant's argument that subsequent purchasers of negotiable instruments cannot assert all the rights and defenses of the original holder, in the absence of fraud or other nefarious conduct, prejudices holders of negotiable instruments, and would chill or prevent the free and unfettered transferability of interests in property. Restraints or limitations on the free alienability, assignability, and transferability of property interests are disfavored in law. Defendant's argument is overruled.

### B. Applicability of Union Central

Plaintiff argues the trial court improperly balanced the equities in favor of Defendant. We agree. Plaintiff stepped into the shoes of Kondaur and its predecessors-in-title and can avail itself of the exception to the pure race notice addressed in *Union Central* and its nearly 100 years of progeny.

The rule in *Union Central* was applied in *First Financial Savings Bank v. Sledge*: "The discharge of a perfected mortgage upon public record by the act of an unauthorized third party entitles the mortgagee to restoration of its status as a priority lienholder over an innocent purchaser for value." *First Fin. Sav. Bank v.*

*Sledge*, 106 N.C. App. 87, 88, 415 S.E.2d 206, 207 (1992) (citing *Union Central*, 193 N.C. at 462, 137 S.E. at 327).

Plaintiff argues Defendant cannot claim it is an innocent purchaser for value. Whether Defendant was an innocent purchaser for value or not, Plaintiff, the mortgagee, is entitled to have its priority status restored, if the mortgage was discharged by an unauthorized act of a third party.

The trial court entered a consent final judgment concerning MERS' purported satisfaction of the note and cancellation of the deed of trust on 3 April 2017. The consent judgment found and concluded MERS no longer held any interest in the deed of trust at the time the purported satisfaction was executed and cancellation recorded, had no authority to execute the satisfaction and record the cancellation, and its action was void. That consent judgment is not challenged, and is now the law of the case.

## VI. Conclusion

An assignee is able to step into the shoes of the assignor and its predecessors-in-title. The equitable exception to pure race notice in *Union Central* is available to restore priority to purchasers of negotiable instruments, whether or not they have notice of pending litigation. The trial court erred in concluding Plaintiff had no standing to enforce priority.

The purported satisfaction of the note and cancellation of the deed of trust is acknowledged and agreed in the consent judgment to be an unauthorized act of a third party. A balancing of the equities under *Union Central* restores Plaintiff's priority status over Defendant.

The trial court's order concluding Defendant was entitled to judgment on the pleadings as a matter of law is reversed. In light of our ruling and the 3 April 2017 consent order, we remand this matter for the trial court to enter summary judgment for Plaintiff on Plaintiff's pending summary judgment motion. *It is so ordered.*

REVERSED AND REMANDED.

Judges DIETZ and HAMPSON concur.