**In re WHEELING PITTSBURGH STEEL, Debtor.**

**Wheeling Pittsburgh Steel, Plaintiff,**

**v.**

**Keystone Metals Trading, Defendant.**

**No. 06–3166.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 5, 2006.

---

1.  The state-court answer was admitted by agreement of the Parties, but not marked.

James Michael Lawniczak, Ronald M. McMillan, Nathan A. Wheatley, Cleveland, OH, Michael E. Wiles, Debevoise & Plimpton LLP, New York City, for Debtor.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court upon the Plaintiff's Motion for Summary Judgment and the Defendant's opposition thereto. Both Parties filed materials with the Court regarding this matter, which the Court has now had the opportunity to review. Based upon this review, the Court, for the reasons stated herein, finds that the Plaintiff's Motion should be Denied.

## FACTS

The Defendant, Keystone Metals Trading, Inc. ("Keystone"), focuses its business on the creation, invoice and collection of accounts receivables on behalf of certain principals. In relation to this business, Keystone billed the Plaintiff, Wheeling–Pittsburgh Steel Corporation ("Wheeling"), for services provided by an indeterminate number of third-party principals. For their services, Keystone retained a 2% commission.

On November 16, 2000, Wheeling filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Within the 90 days prior to that filing, two payments had been made by Wheeling to Keystone. These payments were in the separate amounts of $24,640.63 and $7,142.40, and represented satisfaction of five different invoices. These invoices had been past due, by Wheeling's account, for varying amounts of time, but in each case for at least sixty-four days. In addition, each check was received as well as negotiated between August 18, 2000 and August 31, 2000.

Based upon these facts, Wheeling, operating as a debtor-in-possession, filed an adversary proceeding against Keystone to recover these payments as preferential transfers under 11 U.S.C. § 547. In response, Keystone, who chose not to retain legal counsel, argued in a letter to the Court that they are not the proper party to this litigation because they were simply acting on behalf of certain third-party principals. (Doc. No. 26).

### DISCUSSION

■ Before this Court is the action of Wheeling to recover two prepetition payments as preferences pursuant to 11 U.S.C. § 547. Proceedings brought to determine, avoid, or recover preferences are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(F); 1334.

Under bankruptcy law, a preference may be generally defined as a prepetition payment, made by a debtor to a particular creditor shortly before filing a bankruptcy petition, that affords that particular creditor favorable treatment over other similarly situated creditors. Preferences are treated with disfavor in bankruptcy because they contradict the fundamental bankruptcy policy of ensuring the equitable distribution of a debtor's nonexempt assets among similarly situated creditors. 5 Collier on Bankruptcy ¶ 547.01 (Alan Resnick & Henry Sommer eds., 15th rev. ed.2006). Resultantly, if the statutory requirements as contained in § 547 are met, and no valid defenses are raised thereto, the Bankruptcy Code allows the trustee or debtor-in-possession (as the case may be) to "avoid" a preferential transfer of the debtor's property.

■ However notwithstanding the "avoidability" of a preferential transfer of property under § 547, the Bankruptcy Code, § 550, places limits on the right of a trustee or debtor-in-possession to "recover" such property. Avoidability and recovery in this regard are two separate and distinct concepts. *Taunt v. Hurtado (In re Hurtado)*, 342 F.3d 528 (6th Cir.2003) ("Although related conceptually, the[ ] two issues must be kept analytically separate."). As this Court previously explained: avoidance merely terminates the transferee's legal rights in the property vis-a-vis the trustee; but, in order to bring the value of the avoided transfer within the purview of the bankruptcy estate, the property must be recovered as provided in § 550. *In re Morgan*, 276 B.R. 785, 791–92 (Bankr.N.D.Ohio 2001).

Section 550, however, provides constraints on recovery, leading to the possibility that, in certain circumstances, a transfer of a debtor's property, although properly avoided, may not be recoverable. Among other things, § 550(a) requires that "recovery" be limited to the following two classes of entities:

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

Although not couched in legalistic form, a fair reading of Keystone's position shows that a primary point of their opposition to Wheeling's preference action centers on their qualification as a "transferee" within the meaning of this section. By way of example, Keystone, in their letter to the Court, explained:

any decisions regarding product, pricing, terms and conditions, releases, shipments, and warehousing was strictly the decision of the respective principal and not the agent/broker. Likewise, the decision to continue or terminate a custom-

er relationship was also the sole decision of the principal.

(Doc. No. 26, at pg. 2). On Keystone's position that it is not a "transferee" within the meaning of § 550(a), Wheeling took exception, arguing that what "Keystone planned to do with the money after it collected its debt from [it] is irrelevant." (Doc. No. 24, at pg. 10). Rather, Wheeling set forth that the fact remains that it "owed an initial debt to Keystone that was satisfied by the transfers...." *Id.* at pg. 9.

The Bankruptcy Code does not define the term "transferee" as used in § 550. As a result, it has been observed that, under an expansive reading, anyone who comes into contact with a debtor's property could be considered a transferee. *In re Hurtado*, 342 F.3d 528, 533 (6th Cir.2003). But, in addressing the scope of an "initial transferee" under paragraph (1) of § 550(a), the Sixth Circuit has, on at least two occasions, rejected an expansive approach.[1] *Id.; First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 722 (6th Cir. 1992). In doing so, the Sixth Circuit has applied what has become to be known as the "dominion-and-control" test as originally set forth by the Seventh Circuit in *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890 (7th Cir.1988).

■ Under this test, a party must do more than simply "touch" a debtor's property to qualify as a "transferee." *In re Hurtado*, 342 F.3d at 533. Instead, as set forth in *Bonded Financial Services*, and as

quoted by the Sixth Circuit in *In re Hurtado:*

> [W]e think the minimum requirement of status as a "transferee" is dominion over the money or other asset, the right to put the money to one's own purposes. When A gives a check to B as agent for C, then C is the "initial transferee"; the agent may be disregarded.

*Bonded Financial Services,* 838 F.2d at 893.

With respect to this standard, it is difficult to see how Keystone could have gained the requisite dominion and control over the funds it received from Wheeling to qualify as a "transferee" under § 550(a). All indications are that Keystone was simply acting as a payment conduit between Wheeling and its services providers, having no legal right to put the money it received from Wheeling to its own use. Thus, for purposes of identifying a § 550 "transferee," Keystone's role as an agent may be disregarded, with Wheeling (A in the above example) giving Keystone (B in the above example) a check to pay for services rendered by third-parties (C in the above example)—whom are the § 550 transferees.

■ The fact that Keystone may have placed, in its own accounts, the payments received from Wheeling before forwarding the funds to the third-party principals does nothing to change the equation. In *In re Hurtado*, the Court related that a determinative factor in the "dominion-and-control" test "turned on the distinction between

---

1. Other courts have also declined to afford the term "transferee" under § 550 an expansive reading. *In re Ogden,* 314 F.3d 1190 (10th Cir.2002) (escrow agent was a mere financial conduit of funds paid as a preference, not a transferee under Section 550); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 130 F.3d 52 (2nd

Cir.1997), *cert. dismissed,* 524 U.S. 912, 118 S.Ct. 2295, 141 L.Ed.2d 154 (1998) (debtor's insurance broker was a mere conduit for transfers of premiums to insurance company, rather than an initial transferee, so that the transfers could not be recovered from the broker under the trustee's avoiding powers).

mere possession and ownership." 342 F.3d at 534. The former, mere possession, and the "raw power" to absconded with a debtor's property that results from possession, was insufficient to confer the status of "transferee" under § 550(a). Instead, legal ownership of the transferred property was required. *Id.* As a consequence, it was set forth that no § 550(a) "transferee" status will arise when the party receiving the debtor's property "is merely an agent who has no legal authority to stop the principal from doing what he or she likes with the funds at issue." *Id.*

A summary judgment motion may be defeated by the nonmoving party demonstrating that the evidence is such that a reasonable jury could return a verdict in his or her favor. *See, e.g., Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). Based upon the foregoing discussion, Keystone's assertion that it was simply a collecting agent on behalf of third-party suppliers for which it received a commission, clearly raises a genuine issue of fact as to the Plaintiff's legal entitlement to a judgment against Keystone on its preference complaint. To the extent that Keystone's position is accurate, the funds it received from Wheeling were the property of the third-party service providers, thereby making them, not Keystone, the initial transferee for purposes of § 550(a).

In reaching the conclusions found herein, the Court has considered all the evidence, exhibits and arguments of counsel, regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Plaintiff, Wheeling Pittsburgh Steel, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that this matter is hereby set for a Further Pre-Trial, to be held on Tuesday, January 9, 2007, at 3:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.